## McDonough *v.* Prescott.

The mere convenience of the parties is not a sufficient explanation of the retention of possession by the vendor to avoid the general rule that a sale of chattels unaccompanied by a change of possession is invalid as to creditors.

REPLEVIN, for a wagon. The defendant justified under an attachment, as the property of Derry & Co. The plaintiff introduced evidence tending to show that Derry & Co. were carriage-makers; that they contracted to build a grocery wagon for him complete, except the lettering on it, for $165; that he paid them in full before the attachment, and before the wagon was completed; that after it was completed and before it was attached he saw it and accepted it, but not wishing to use it then, and having no place convenient to store it, he requested Derry & Co. to allow it to remain on their premises, to which they consented, and it remained there until it was attached. The plaintiff's name was painted upon it previous to its attachment, and before it was completed, the plaintiff himself contracting with and paying an out-side party for the lettering.

On the foregoing facts the court ruled, that, there having been no change of possession, the plaintiff could not recover, and directed a verdict for the defendant, to which the plaintiff excepted.

*C. A. Gallagher*, for the plaintiff.

*Osgood & Prescott*, for the defendant.

CLARK, J. Upon the acceptance of the wagon by the plaintiff, the executory contract terminated in a completed sale, as between the plaintiff and Derry & Co., but there was no change of possession. As a matter of convenience to the plaintiff, the

wagon was allowed to remain on the premises of Derry & Co. until it was attached by their creditors. The general rule is, that a sale unaccompanied by a change of possession is fraudulent and void as to creditors, the retention of possession by the vendor being always *prima facie*, and, if unexplained, conclusive, evidence of a secret trust. It is said by *Bellows*, C. J., in *Putnam* v. *Osgood*, 52 N. H. 148, 154, "What would be a sufficient explanation of the possession, as a general principle, has not been determined in this state." We have, however, numerous reported cases declaring what is not a sufficient explanation. *Plaisted* v. *Holmes*, 58 N. H. 293, and cases cited. The present case falls within this latter class. The mere convenience of the parties is not a sufficient explanation of the retention of possession by the vendor. Bump Fr. Conv. 154. Nor is it sufficient that the goods were retained for the purpose of being manufactured (*Carter* v. *Watkins*, 14 Conn. 240), or to complete a process of manufacture in progress at the time of the sale. *Hall* v. *Gaylor*, 37 Conn. 550. We do not see that the case is changed by the circumstance that the wagon was manufactured for the plaintiff. Nor is the inference arising from a want of change of possession rebutted by the fact that the name of the plaintiff was painted on it. The name was painted on the wagon before it was completed or accepted by the plaintiff; and while the name indicated that it was built for the use of the plaintiff, the fact that it remained in the possession of Derry & Co. was evidence that it was their property. The question is not whether the sale was valid between the parties; and there is nothing in the case to take it out of the general rule that a sale of chattels unaccompanied by a change of possession is invalid as to creditors.

" The rule, that the retention of possession is conclusive evidence of fraud, is one of policy, and rests upon the doctrine that fraud is in all cases a question of law. Although a valuable consideration may be paid, and the real intent of the parties may be to transfer the property, yet the possession continuing with the vendor is regarded as giving him a collusive credit, and as operating as a deceit and a fraud upon creditors. The conveyance, therefore, is held void as to creditors, though there may be no fraud, in fact, in the transaction. The rule excludes all regard to the actual intentions of the parties in every transaction that comes within its range. The inference arising from the possession cannot be rebutted or repelled, even by the strongest testimony of the actual fairness of the intention of the parties. Hence it is immaterial whether the vendee was party or privy to any fraudulent intention of the vendor or not." Bump Fr. Conv. 133.

*Judgment on the verdict.*

STANLEY, J., did not sit: the others concurred.